## Null v. Zoning Board of Adjustment

*Walter G. Horowitz*, for plaintiff.

*A. L. Freedman*, City Solicitor, *M. W. Bullock, Jr.*, and *R. H. Markowitz*, Assistant City Solicitors, for defendant.

*A. J. Rieffel*, for intervening defendants.

FLOOD, J., August 3, 1956.—Appellant carried on a nonconforming use, manufacturing machine nuts and screw products, upon the premises in question, in a "C" residential district, from before August 10, 1933, until 1942. From then until 1954 he used the premises for storage. He then applied for a permit for a 25 percent extension, intending to resume the earlier use. This was granted by zoning administrator, but on appeal, the zoning board reversed, holding that the earlier use had been abandoned and could not be resumed as a nonconforming use.

The only provision of the ordinance which refers to a situation such as this is chapter 14-104(5) which

provides that: "A nonconforming use when discontinued may be resumed as the same nonconforming use and no other." This so precisely fits the situation before us that we feel that it must be applied.

The city argues that this long discontinuance is an abandonment, not a discontinuance. No Pennsylvania cases so hold and the holding of Judge Lewis in Bennett v. Zoning Board, C. P. No. 2, Philadelphia County, March term, 1955, no. 624, is to the contrary. Our ordinance could no doubt provide that a discontinuance for a certain period is an abandonment or equivalent to an abandonment. See Elkins-Rydal Co. v. Brigham, 84 D. & C. 136 (1952). But our city council has not seen fit to do so.

We do not hold that discontinuance, together with certain other facts, might not constitute abandonment. Mere passage of time, however, is not enough under the language of the ordinance.

The order of the zoning board of adjustment is reversed and it is directed to issue the zoning permit sought by appellant.